IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jerzy Zielinski and Scott Clark, *Individually and on behalf of all others similarly situated*<br><br>Plaintiffs,<br><br>v.<br><br>Prana Transport, LLC<br>3127 W. Lake Ave.<br>Glenview, IL 60026; and<br><br>Daniel Katz;<br>3127 W. Lake Ave.<br>Glenview, IL 60026; and<br><br>RDX, LLC<br>7731 US-70<br>Memphis, TN 38133 | Case No.<br><br><br><br><br>**RULE 23 CLASS ACTION and**<br>**RULE 216(B) COLLECTIVE ACTION** |

## COMPLAINT

Now comes Plaintiffs, Jerzy Zielinski and Scott Clark, individually and on behalf of all others similarly situated, and for their Complaint against Defendants, Prana Transport, LLC, Daniel Katz, and RDX, LLC allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. §1332(d)(2).

2. Defendants Prana Transport, LLC and Daniel Katz, (collectively the "Katz Defendants") are residents of this district and venue is proper pursuant to 28 U.S.C. §1391

1

(b)(1).

## PARTIES

3. At all times relevant herein, Plaintiffs were employed as truck drivers for the Katz Defendants.

4. Plaintiff Zielinski was employed as a driver for the Katz Defendants from on or about December, 2018 through on or about May, 2019.

5. Plaintiff Clark was employed as a driver for the Katz Defendants from on or about June, 2018 through on or about April, 2019.

6. At all relevant times, the Katz Defendants were employers and/or persons responsible for wage policies and practices as defined by the Illinois Wage Payment and Collection Act (IWPCA), Illinois Minimum Wage Law (IMWL), and the Fair Labor Standards Act (FLSA).

7. Prana Transport LLC is a freight shipping and trucking company located in Lincolnwood, Illinois that is in the business of hauling freight and managed by Defendants Daniel Katz, who controls the payroll policies and practices of Prana Transport LLC.

8. Defendant Daniel Katz does business as Prana Transport LLC, RDX LLC Chicago, and as RDX LLC Expedited Chicago Division. However, only Prana Transport LLC is registered with the Illinois Secretary of State.

9. Daniel Katz promotes his trucking business as RDX LLC, Chicago and RDX LLC Expedited Chicago Division.

10. RDX, LLC is organized under Tennessee law and knowingly permits the Katz Defendants as well as their fictional entities to represent themselves as an "arm" of RDX, LLC.

11. RDX, LLC has ratified and continues to ratify the Katz Defendants' representations to the drivers and to the public that the Katz Defendants operate as a division of RDX, LLC.

12. Daniel Katz, Prana Transport LLC and RDX LLC Expedited Chicago Division are apparent agents of RDX, LLC.

13. Daniel Katz's LinkedIn profile identifies him as a partner of RDX LLC Chicago Expedited Office.

14. Plaintiffs and the putative class members have reasonably relied on the Katz Defendants' representations of an affiliation with RDX, LLC and RDX, LLC has ratified the Katz Defendants' representations.

15. Plaintiffs and the putative class members attended unpaid training sessions at RDX, LLC's headquarters in Tennessee.

16. Before working for the Katz Defendants, Plaintiffs and the putative class members are required to sign contracts that identify Daniel Katz as their employer.

17. Daniel Katz represent himself and the entities that he controls as the Chicago division of RDX, LLC.

## FACTUAL ALLEGATIONS

18. The Katz Defendants operate a freight shipping business in Lincolnwood, Illinois.

19. The Katz Defendants enter into written contracts with their employee drivers in which Defendant, Daniel Katz, is identified as an independent contractor of RDX, LLC and the driver is identified as an "employee" of the independent contractor.

20. The Katz Defendants control the schedule and the work-load of their drivers.

21. The drivers check in with the Katz Defendants' Lincolnwood office every workday for their routes.

22. Despite Plaintiffs being contractually identified as employees by the Katz Defendants and despite being controlled by the Katz Defendants, they and the putative class members were misclassified by the Katz Defendants as independent contractors for payment purposes.

23. The Katz Defendants inform their drivers, upon hire, that, for their wages, they will

be paid 75% of the "load."

24. However, the Katz Defendants misclassified their drivers, paying them as independent contractors, resulting in Plaintiffs and the putative class members not receiving the benefits conferred by employee status.

25. Furthermore, without informing the Plaintiffs or the putative class members, the Katz Defendants made unauthorized "below the line" deductions from the Plaintiffs' and putative class members wages for various items, including but not limited to the following deductions: "Truck Payment," "Maintenance," "2290," "IFTA," Insurance," "Plates," "Trailer," "Pre-Pass," "Cash-Adv," "fedex charge," "elog," "Tire Fine," and "Chains."

26. These deductions are taken by the Katz Defendants from the Plaintiffs' and the putative class members' wages without informing Plaintiffs or the putative class members beforehand about the deductions and without providing any support or explanation.

27. These deductions were made in contravention of the Defendants' agreement to pay their drivers 75% of the "freight."

28. These deductions were not agreed to in writing by Defendants' drivers as required by the Illinois Wage Payment and Collection Act.

29. In fact, Plaintiffs were not informed in any manner about the deductions until after they were taken from their pay.

30. Even if "75% of the load" were to be interpreted to mean "75% of the load *after costs*," the deductions for the costs here were taken "below the line," entirely from the drivers' wages. Taking the costs "below the line" rather than "above the line" is not only a violation of the IWPCA, but also results in significant wage theft.

31. Plaintiffs and the putative class members attend multi-day training at RDX, LLC headquarters in Tennessee. Not only must Plaintiffs and the putative class members incur their own travel costs, but Plaintiffs are not paid at all for the multi-day training sessions.

4

32. Upon leaving the Katz Defendants' employment, Plaintiffs and the putative class members are not paid their, final wages, their "deposit," or their "maintenance escrow."

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

33. Plaintiffs bring this action pursuant to 29 USC §216(B) and Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of the class ("Class") defined as follows:

> All former and current truck drivers or persons performing substantially similar functions for Daniel Katz, or Prana Transport, LLC, or "RDX LLC Chicago," or "RDX LLC Expedited Chicago Division," at any time within the statutory period covered by this Complaint.

34. The Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Class but, upon information and belief, aver that the Class consists of at least 40 persons.

35. There are questions of law or fact common to the Class, including but not limited to the following: whether or not the Katz Defendants' policy of compensating their drivers complies with Illinois Law and whether or not the Katz Defendants are apparent agents of RDX, LLC.

36. The claims of the named Plaintiffs are typical of the claims of other members of the Class. Plaintiffs' claims arise out of the same uniform course of conduct by the Katz Defendants and are based on the same legal theories as the claims of the other Class members.

37. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of the members of the Class. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Class in this case.

38. The questions of law or fact that are common to each Class predominate over any questions affecting only individual members. The primary questions that will determine

5

Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class Members.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT I
### (Rule 23 Illinois Class Action)
### VIOLATIONS OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT, §§ 820 ILCS 115/1 *et seq.* (ALL DEFENDANTS)

40. Plaintiff re-alleges and incorporates all previous paragraph herein and further alleges as follows:

41. At all times relevant to the action, the Katz Defendants were an employer and/or person with authority and control over Plaintiffs' wages such that Defendants are covered by the mandates of the Illinois Wage Payment and Collection Act.

42. At all relevant times, Plaintiff and the Rule 23 Illinois Class were employees entitled to the IWPCA's protections.

43. At all relevant times, the Katz Defendants were apparent agents of RDX LLC.

44. The Illinois Wage Payment and Collection Act, §§ 820 ILCS 115/1 *et seq.* requires that [a]ll wages earned by any employee … shall be paid. 820 ILCS 115/4.

45. Under 820 ILCS 115/14(a), an employee aggrieved by an employer's violation of the Illinois Wage Payment and Collection Act is entitled to recover the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month

following the date of payment during which such underpayments remain unpaid. The employee is also entitled to recover costs and all reasonable attorney's fees.

46. The Katz Defendant violated the IWPCA by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Class as employees, for failing to compensate Plaintiff and the Rule 23 Class "75% of the load" as promised, for making unauthorized below-the-line deductions from Plaintiffs' and similarly situated employees' wages, and by requiring its employees to incur business expenses and losses on its behalf.

47. As a direct and proximate result of the Katz Defendants' breaches as alleged herein, Plaintiffs and every other member of the Rule 23 Illinois Class have been damaged in an amount to be determined at trial.

## COUNT II:
## FAIR LABOR STANDARDS ACT
## (Minimum Wage Violations)

48. Plaintiffs re-allege and incorporate all previous paragraph herein and further alleges as follows:

49. Plaintiffs bring Count II as a collective action pursuant to Rule 216 (B).

50. Defendants paid Plaintiffs and the Rule 23 Class below minimum wage for the hours they worked, by requiring them to cover travel expenses and other job-related expenses, and by taking illegal "kickbacks" from their wages and by failing to pay them for training.

51. Plaintiffs and the similarly situated drivers incurred unreimbursed expenses from travelling to and from Tennessee for training sessions and are not paid for the training sessions.

52. The training sessions last 2 to 3 days and the drivers receive no compensation for the training time and incur substantial travel expenses.

53. As a result, Plaintiffs and the similarly situated drivers' wages drop below minimum wage for the pay periods in which they travel to attend unpaid training sessions.

7

54. Plaintiffs have consented to sue for violations of the FLSA pursuant to 29 U.S.C. §§ 216(b).

55. Plaintiff Jerzy Zielinski's Consent to Join Form is attached hereto as exhibit A.

56. Plaintiff Scott Clark's Consent to Join Form is attached hereto as exhibit B.

57. Plaintiffs and the members of the FLSA Class are entitled to past-due minimum wages, an equivalent amount in liquidated damages, costs, and attorneys' fees, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## COUNT III
### (ILLINOIS MINIMUM WAGE LAW 820 ILCS 105 et. seq.)
### (ALL DEFENDANTS)

58. Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

59. Defendants paid Plaintiffs and the Rule 23 Classes below minimum wage for the hours they worked by requiring them to cover travel expenses and other job-related expenses, by taking illegal "kickbacks" from their wages, and by failing to pay them for training.

60. Because Defendants required Plaintiff and the Rule 23 Classes to pay for truck expenses and other job-related expenses out of pocket, Defendants failed pay Plaintiff and the Rule 23 Classes minimum wage.

61. Because Defendants took deductions from the wages of the Plaintiff and the Rule 23 Classes for their benefit, Defendants failed to pay Plaintiff and the Rule 23 Classes minimum wage.

62. By not paying Plaintiff and the Rule 23 Classes at least minimum wage for each hour worked, Defendants have violated the IMWL.

63. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages including, but not limited to, unpaid wages, unreimbursed expenses, unlawful

<05577 Document #: 1 Filed: 09/19/20 Page 9 of 11 PageID #:9

deductions, statutory liquidated damages and penalties as defined by 820 ILCS 105/12(a), costs, and attorneys' fees

## COUNT IV
### (BREACH OF CONTRACT)
### (ALL DEFENDANTS)

64. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

65. The Katz Defendants offered to pay Plaintiffs and similarly situated employees 75% of the payments received for delivering each load. Plaintiffs and similarly situated employees agreed to work for the Katz Defendants in exchange for being paid 75% of the payments received by the Katz Defendants associated with each load they delivered..

66. In consideration for the Katz Defendants' promises, Plaintiffs and the putative class members have performed work for the Defendants.

67. The Katz Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees 75% of the load and not returning amounts withheld from the Plaintiffs and similarly situated employees is in breach of the contracts between Plaintiffs (and similarly situated individuals) and the Katz Defendants.

68. The Katz Defendants' practice and policy of taking unauthorized below-the-line deductions from the wages of Plaintiffs and other similarly-situated employees is in breach of contract

69. The Katz Defendants' practice and policy of paying Plaintiffs and other similarly-situated employees as independent contractors is in breach of contract.

70. The Katz Defendants' practice and policy of paying Plaintiffs and other similarly-situated employees less than 75% of the load was in breach of contract.

9

71. By failing to pay Plaintiffs and other similarly-situated employees' pursuant to the terms of the promises made, the Katz Defendants willfully and knowingly were in breach of contract.

72. At all relevant times, the Katz Defendants represented themselves as apparent agents of RDX LLC.

73. RDX LLC ratified this apparent agency and knowingly permitted the Katz Defendants to represent themselves as operating a Chicago division of RDX LLC.

74. As a result of the Katz Defendants' practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received payments that were promised to them.

75. Plaintiffs and similarly situated employees are entitled to damages in the amounts of the difference between the payments that they were promised and the payments that they received.

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

C. Award Plaintiffs and the classes they represent actual damages for unpaid wages;

D. Award Plaintiffs and the classes they represent liquidated damages and statutory damages;

E. Award Plaintiffs and the classes they represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs and the classes they represent attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs and the classes they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Michael L. Fradin
Michael Fradin (0091739)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
mike@fradinlaw.com
phone: 847-986-5889
fax: 847-673-1228

## JURY DEMAND

Plaintiffs demand a trial by jury on all eligible claims and issues.

 /s/ Michael L. Fradin
One of the Attorneys for Plaintiffs